UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH M. MORTENSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:23-cv-00213-LEW |
| | ) | |
| BRANDON SHOLAN, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff filed a complaint and an application to proceed without prepayment of fees, which application the Court granted.  (Complaint, ECF No. 1; Application, ECF No. 2; Order, ECF No. 3.)  In accordance with the statute governing matters in which a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the claims alleged against two defendants.

**FACTUAL ALLEGATIONS**

Plaintiff alleges that between 7:00 and 9:30 p.m. on February 27, 2022, the arresting and booking officer during Plaintiff's arrest refused to allow Plaintiff to use the bathroom

while he was at the Waterville police station. (Complaint at 5.)  After Defendant repeatedly ignored Plaintiff's requests to go to the bathroom, Plaintiff had to relieve himself on the floor and bench where he was held while handcuffed to a wall. (*Id*. at 5, 7.)  Plaintiff has named as defendants the arresting and booking officer, the Mayor of the City of Waterville, and the Chief of Police of Waterville.

### LEGAL STANDARD

Title 28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action.  When a party is proceeding pursuant to the statute, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers.  *See* 28 U.S.C. § 1915A(a), (c).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

2

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

The Supreme Court has recognized that unnecessary exposure to conditions causing "a risk of . . . discomfort and humiliation," including the "deprivation of bathroom breaks," can violate the Eighth Amendment prohibition on cruel and unusual punishment. *Hope v. Pelzer*, 536 U.S. 730, 738 (2002). The Fourth Amendment objective reasonableness requirement and the Due Process Clauses of the Fifth and Fourteenth Amendments provide similar (and arguably greater) protection against the denial of "access to the bathroom for no good reason" during the course of an arrest and pretrial detention respectively. *Elizondo-Sedillo v. City of Albuquerque*, No. 114CV00127JAPRHS, 2014 WL 12769386,

3

at *6 (D.N.M. Aug. 15, 2014) (citing *Burchett v. Kiefer*, 310 F.3d 937, 945 (6th Cir. 2002));

*Est. of Phillips v. City of Milwaukee*, 123 F.3d 586, 595–96 (7th Cir. 1997) (discussing

interplay of Eighth Amendment, Fourth Amendment, and Due Process Clauses for a

medical assistance claim).

When assessing a sanitation access claim, "[r]elevant factors include the law

enforcement justifications, the length of time the arrestee was denied bathroom access, and

the number of requests." *Juarez v. Pizana*, No. 3:17-CV-00368-KC, 2018 WL 7198152,

at *8 (W.D. Tex. Dec. 12, 2018).  A momentary or brief denial does not violate the law,

*Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004), but courts have recognized potential

violations in as little as an hour under some circumstances. *See Carroll v. Vill. of

Homewood*, No. 97 C 2747, 2001 WL 1467708, at *11 (N.D. Ill. Nov. 15, 2001).

Because Plaintiff's complaint could be construed as alleging an unwarranted denial

for two and a half hours despite repeated requests, given the standard applied at this stage

of the proceedings, Plaintiff has alleged a plausible claim. Plaintiff, however, has not

alleged any facts that would support a claim against the Mayor and the Chief of Police.

That is, because the complaint contains no allegations about their individual conduct or

any city policy or practice, Plaintiff fails to allege a plausible claim for relief as to those

officials.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is

inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-

official defendant, through the official's own individual actions, has violated the

Constitution").  Accordingly, dismissal of the claims against the Mayor and the Chief of Police is warranted.

### CONCLUSION

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, I recommend the Court dismiss the claims alleged against the Mayor and the Chief of Police.

### **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of August, 2023.