UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| JOSEPH M. MORTENSON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    No. 1:23-cv-00213-LEW |
| | ) |
| BRANDON SHOLAN, | ) |
| | ) |
|     Defendant. | ) |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

    In this action, Plaintiff Joseph Mortenson alleges that Defendant Police Officer Brandon Sholan violated his constitutional rights by denying him bathroom access during his booking process at the Waterville Police Department after he had been arrested for domestic violence assault.  The matter is before the Court on Defendant's Motion for Summary Judgment (ECF No. 49).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  For reasons that follow, there is no genuine dispute in this case to prevent the entry of judgment in favor of Defendant as a matter of law.

    For purposes of pleading, Plaintiff stated a claim for relief based on the allegation that Defendant denied Plaintiff's repeated requests for bathroom access for two and a half hours.  The summary judgment record portrays a very different scenario.  In fact, Defendant

delayed Plaintiff's bathroom access for a matter of minutes.  Defendant reasonably delayed Plaintiff's access for this limited amount of time because Plaintiff was behaving in a belligerent fashion and Defendant was the only officer in the booking room at the time.  Defendant requested backup in the booking room to facilitate Plaintiff's bathroom access and backup was present within a reasonable amount of time.  Upon the arrival of officers who were prepared to remove a handcuff securing Plaintiff to the wall next to the booking room bench, and despite the fact that the bathroom was immediately adjacent to the booking room bench, Plaintiff acted out in an irrational fashion, pulled off all of his clothes, and defiantly defecated on the bench.

   Given the circumstances, and considering the legal authorities cited in the Report and Recommended Decision After Review of Plaintiff's Complaint (ECF No. 12) and Defendant's Motion for Summary Judgment (ECF No. 49), no reasonable finder of fact could fairly conclude that Defendant deprived Plaintiff of a constitutional right associated with bathroom access in a custodial setting.  Defendant's conduct was reasonable for purposes of the Fourth Amendment and was not deliberately indifferent for purposes of the Fourteenth Amendment.

   Defendant's Motion for Summary Judgment (ECF No. 49) is **GRANTED**.  The case is **DISMISSED**.

   SO ORDERED.

   Dated this 20th day of August, 2024.

/s/ Lance E. Walker
Chief U.S. District Judge